**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **HEATHER YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12 C 3466** |
| | ) | |
| **CAROLYN W. COLVIN,**[1] | ) | **Magistrate Judge Finnegan** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Heather Young seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. §§ 416, 423(d). The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. After careful review of the record, the Court now grants the Commissioner's motion, denies Plaintiff's motion, and affirms the decision to deny disability benefits.

## BACKGROUND

Plaintiff was born on June 16, 1952 and has a bachelor of science degree with a major in accounting and a minor in biology, an MBA in finance, and a

---

[1] Ms. Colvin became Acting Commissioner of Social Security on February 14, 2013, and is substituted in as Defendant pursuant to Federal Rule of Civil Procedure 25(d)(1).

nursing degree. (R. 48, 49, 175). She worked most recently as a registered nurse but quit that job on April 1, 2009 due to her medical conditions. Prior to that she worked as an accountant, a computer systems administrator, and a computer consultant. (R. 50, 194). Plaintiff applied for DIB on February 26, 2010, alleging that she became disabled on April 1, 2009 due to sarcoidosis, hypertension, cardiomeglia, diabetes, fibromyalgia and general anxiety disorder. (R. 175, 192). The SSA denied the application initially on July 19, 2010, and again upon reconsideration on February 28, 2011. (R. 85-89, 93-95). Plaintiff filed a timely request for hearing and appeared before Administrative Law Judge Kimberly S. Cromer (the "ALJ") on August 11, 2011. (R. 27). The ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from medical expert Frank J. Indihar, M.D., and vocational expert James Breen (the "VE").

Approximately two weeks later, on August 26, 2011, the ALJ found that Plaintiff's "diabetes mellitus, chronic stage 3 with insulin pump," sarcoidosis, and arthritis are severe impairments, but that they do not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ acknowledged Plaintiff's claimed anxiety disorder, but concluded that it "does not cause more than minimal limitations in [her] ability to perform basic mental work activities and is therefore nonsevere." (R. 16). After discussing the medical and testimonial evidence in detail, the ALJ determined that Plaintiff has the capacity to perform sedentary work with the following restrictions: she can never climb ladders, ropes or scaffolds; she can only occasionally climb ramps and stairs;

2

she must avoid concentrated exposure to excessive noise and pulmonary irritants; and she cannot be exposed to moving or hazardous machinery, or unprotected heights. (R. 18).

Based on this stated residual functional capacity ("RFC"), the ALJ accepted the VE's testimony that Plaintiff remains capable of performing her past relevant work as a computer consultant and office manager. (R. 21-22). The ALJ thus concluded that Plaintiff is not disabled within the meaning of the Social Security Act, and is not entitled to benefits. The Appeals Council denied Plaintiff's request for review on March 2, 2012, (R. 1-3), and Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner.

## DISCUSSION

### A.     Standard of Review

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Social Security Act. *See* 42 U.S.C. § 405(g). In reviewing this decision, the Court may not engage in its own analysis of whether Plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) (citation omitted). Nor may it "displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting *Skinner v. Astru*e, 478 F.3d 836, 841 (7th Cir. 2007)). The court's task is to determine whether the ALJ's decision is supported by substantial evidence, which is "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Skinner*, 478 F.3d at 841).

In making this determination, the court must "look to whether the ALJ built an 'accurate and logical bridge' from the evidence to [his] conclusion that the claimant is not disabled." *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)). Where the Commissioner's decision "'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

## B. Five-Step Inquiry

To recover DIB under Title II of the Social Security Act, a claimant must establish that she is disabled within the meaning of the Act. *Crawford v. Astrue*, 633 F. Supp. 2d 618, 630 (N.D. Ill. 2009). A person is disabled if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Crawford*, 633 F. Supp. 2d at 630; *Strocchia v. Astrue*, No. 08 C 2017, 2009 WL 2992549, at *14 (N.D. Ill. Sept. 16, 2009). In determining whether a claimant suffers from a disability, the ALJ conducts a standard five-step inquiry: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant

4

unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. §§ 404.1520, 416.920; *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## C.    Analysis

Plaintiff identifies only one alleged error in the ALJ's decision. Specifically, Plaintiff argues that the ALJ failed to consider her anxiety in combination with her physical conditions, resulting in a flawed RFC determination. (Doc. 11, at 11). A claimant's RFC is the maximum work that she can perform despite any limitations, and is a legal decision rather than a medical one. 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a)(1); SSR 96-8p. "When determining the RFC, the ALJ must consider all medically determinable impairments, . . . even those that are not considered 'severe.'" *Craft*, 539 F.3d at 676.

At step 2 of the analysis, the ALJ found that Plaintiff's mental impairment results in only mild limitation in her activities of daily living, social functioning, and concentration, persistence and pace. (R. 17). The ALJ noted that in an April 1, 2010 Function Report, Plaintiff stated that she plays billiards with friends, chats online, spends time with her daughter and girlfriend, and regularly attends social groups, archery meetings, motorcycle meetings and group rides. (R. 17, 216). At the August 11, 2011 administrative hearing, Plaintiff confirmed that she spends time chatting on the computer and doing things with her daughter, including a recent movie outing. (R. 17, 65-66). She also described being "pretty good" at getting along with other people and functioning in an office. (R. 64). The ALJ acknowledged that Plaintiff complained of some diminution in her ability

to perform certain activities, noting for example that she "becomes fatigued while at the computer and, sometimes, forgets what she is doing at the computer." (R. 17). The ALJ concluded, however, that any limitations in functioning "arise from [Plaintiff's] physical impairments" as opposed to mental problems.[2] (*Id*.).

Plaintiff appears to believe that her mental impairment is more severe. In that regard, she directs the Court to a July 1, 2010 Psychiatric Report indicating that she has "serious limitations with the ability to understand, carry out and remember instructions on a sustained basis" due to "memory problems." (R. 407). Plaintiff also stresses her hearing testimony that "when I'm on the computer I have a hard time following the chat that's going on back and forth between me and myself or between other people. I find I get confused easy as well." (Doc. 11, at 12 (quoting R. 71-72)). In addition, Plaintiff notes that though she does a fair amount of reading, she "do[esn't] remember anything." (*Id.* (quoting R. 72)). Based on this evidence, Plaintiff claims that the ALJ did not properly account for her mental impairment in determining an appropriate RFC. This error is significant, Plaintiff argues, because the VE testified that a hypothetical individual who can perform sedentary work and has moderate limitations in concentration, persistence and pace would not be able to engage in more than unskilled work and, thus, could not perform Plaintiff's past work as stated by the ALJ. (*Id.* at 12-13).

---

[2] Plaintiff testified, for example, that she can only work on the computer for about 20 to 30 minutes before her fingers start hurting from typing and her joints get stiff from sitting. (R. 66-67). Her difficulties with shopping and household chores likewise stem from physical pain and fatigue. (R. 67-69).

The problem with this argument is that there is no competent evidence in the record suggesting that Plaintiff actually has moderate limitations in concentration, persistence and pace, or that she is incapable of more than unskilled work. The ALJ expressly discussed the July 2010 Psychiatric Report but gave it "little weight" because it was completed by a Licensed Clinical Social Worker and not an "acceptable medical source" within the meaning of the Regulations. (R. 20). *See Compton v. Colvin*, No. 11 C 8305, 2013 WL 870606, at *9 (N.D. Ill. Mar. 7, 2013) (quoting SSR 06-03p) (social workers are "non-acceptable medical sources," and "[o]nly 'acceptable medical sources' can 'establish the existence of a medically determinable impairment,' 'give . . . medical opinions,' and 'be considered treating sources . . . whose medical opinions may be entitled to controlling weight.'"). Significantly, the social worker's opinion conflicts with state agency consultant Dr. Kirk Boyenga's February 2011 opinion that Plaintiff is not disabled because there is "[n]o evidence of any mental deficiencies." (R. 491-93). Dr. Boyenga's opinion, in turn, is consistent with Dr. J. Gange's July 9, 2010 opinion that Plaintiff has no functional deficits aside from a mild limitation in maintaining concentration, persistence and pace. (R. 419). The ALJ reasonably assigned Dr. Boyenga's opinion "great weight" in determining that Plaintiff's mental impairment does not impact her ability to work. (R. 20). *See Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004) ("The ALJ may properly rely upon the opinion of [state agency] medical experts.").

As for Plaintiff's testimony, the ALJ acknowledged her complaints of anxiety and memory problems, including "difficulty concentrating on the computer" and "remember[ing] what she reads." (R. 19). The ALJ nonetheless found it significant that "there is no indication in any records of [Plaintiff] having memory difficulties." (R. 17). Moreover, though Plaintiff testified that she was regularly seeing a psychotherapist, there are no treatment records to support this claim. (R. 17, 63-64). Nor was Plaintiff ever prescribed medication for anxiety or any other mental disorder. (R. 17, 19). On these facts, the ALJ did not err in discounting Plaintiff's claims of disabling mental problems.[3] *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008) (an ALJ's credibility determination will be reversed only if "patently wrong.").

Viewing the record as a whole, it is clear that the ALJ recognized her obligation to consider the combined impact of Plaintiff's impairments, and discussed all of those conditions in detail. (R. 17-21). In the Court's view, the medical and testimonial evidence fully supports the ALJ's conclusion that Plaintiff's mental and other impairments do not preclude her from engaging in substantial gainful activity within the parameters set forth in the RFC. *See Tiemann v. Barnhart*, 152 Fed. Appx. 540, 542 (7th Cir. 2005) (rejecting argument that the ALJ failed to consider the plaintiff's impairments in combination

---

[3]     Plaintiff does not argue that the ALJ's credibility assessment is improper, or provide any factual or legal analysis in that regard. Any objection to that aspect of the ALJ's decision is therefore waived. *Reynolds v. Astrue*, No. 10 C 1966, 2011 WL 3584474, at *12 (N.D. Ill. Aug. 15, 2011) (quoting *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003)) ("It is well settled that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

where "he thoroughly accounted for her impairments and adequately explained why he concluded that she was not disabled."). Thus, the ALJ's RFC is supported by substantial evidence and does not justify a reversal or remand in this case.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 11) is denied, and Defendant's Motion for Summary Judgment (Doc. 12) is granted. The Clerk is directed to enter judgment in favor of Defendant.

ENTER:

Dated: March 28, 2013

SHEILA FINNEGAN
United States Magistrate Judge